IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM W. CHOATE, P.E., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-206-JHP |
| | ) | |
| ROY EDWARD LEMMINGS, individually, | ) | |
| STEVE SAXON, individually, | ) | |
| BRYANT BAKER, individually, | ) | |
| ANGELA DEGRASSINIDE, individually, | ) | |
| TROY DONER, individually, | ) | |
| THE STATE OF OKLAHOMA, ex rel., | ) | |
| Office of the State Fire Marshall, | ) | |
| THE CITY OF SEMINOLE, OKLAHOMA, | ) | |
| ex rel., Office of Code Enforcement, and | ) | |
| agencies and individuals yet unidentified. | ) | |

## ORDER AND OPINION

Before the Court are the Motion to Dismiss and Brief in Support [Docket No. 13] by the State of Oklahoma *ex rel*. Office of the State Fire Marshall (OSFM), Plaintiff William W. Choate's Objections to Motion to Dismiss and Brief [Docket No. 16], and OSFM's Reply to Plaintiff's Objection to Motion to Dismiss [Docket No. 20]. OSFM requests an order dismissing Plaintiff's claims against OSFM pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure for lack of jurisdiction and failure to state a claim upon which relief may be granted. For the reasons set forth below, OSFM's motion is GRANTED.

## Background

On July 15, 2005, Plaintiff, a licensed attorney and professional engineer, purchased a building previously owned by the First United Methodist Church, ostensibly for religious purposes.

1

Prior to Plaintiff's purchase of the building, officials of the City of Seminole, Oklahoma, had issued numerous notices and posted warning signs concerning various building code violations. These notices and warnings have been the subject of an ongoing dispute between Plaintiff and the City of Seminole since Plaintiff first purchased the building in 2005, spawning at least one state case currently on appeal before the Oklahoma Supreme Court.

On January 7, 2007, a fire destroyed significant portions of the building's exterior walls. Claiming that the remaining portions of the building posed a threat to public safety, Seminole Fire Chief Roy Edward Lemmings hired contractor Troy Doner to raze the building. The remainder of the building was razed on January 8, 2007. Thereafter, City Manager Steve Saxon began moving forward with plans to remove all remaining debris from the building site.

In response, on July 3, 2007, Plaintiff instituted the present action in this Court, asserting claims against the various individuals and governmental entities involved in the demolition of the building. In particular, Count III of the Complaint states:

> In representing their authority to be under color of law...Defendants Lemmings, Saxon, and [Seminole Assistant Fire Chief] Bryant [Baker] relied on Sections 317 and 324.8, Title 74 of the Oklahoma Statutes, which appear to give local government and their functionaries authority to enter into, control, and demolish and otherwise damage and confiscate private property without ordinary notice to the owner thereof and accountability for their actions.

(Pl.'s Compl. ¶ 37 at 7.) According to Plaintiff, these provisions, which concern the authority of the State Fire Marshal, among others, to conduct investigations and order the demolition of buildings, "are unreasonable, overbroad, capricious, and subject to gross abuse as illustrated in the foregoing evidence of bad faith in the slander of an otherwise souind [sic] and exceptionally well designed and constructed edifice." (*Id*. ¶ 38.) Plaintiff therefore requests that the Court enter "Judgment against the State of Oklahoma by determination that the said Sections are unconstitutional and should be

voided accordingly." (*Id*. ¶ 39 at 8.) This is the sole count of Plaintiff's Complaint directed toward OSFM.

On July 25, 2007, OSFM filed the instant motion requesting that the Court dismiss Plaintiff's claims against OSFM. In its motion, OSFM first asserts that it is an arm of the state and therefore immune from suit in federal court under the federal statutes cited by Plaintiff. OSFM next contends that Plaintiff's Complaint sets forth no factual allegations supporting any claims against OSFM itself. In response, Plaintiff argues that the doctrine of sovereign immunity does not apply because OSFM is not being sued under §§ 1983, 1985, or 1996, but is instead included as a party to the suit so that Plaintiff may challenge the constitutionality of state statutes under which the City Defendants were acting.

## **Discussion**

The well-settled law of sovereign immunity is that "suit generally may not be maintained directly against the State itself, or against an agency or department of the State, unless the State has waived its sovereign immunity." *Florida Dept. Of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982)(citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). If the State, or agency or department of the state, is named directly in the complaint and has not consented to the suit, it must be dismissed from the action. *Id.* at 684 (internal citations omitted). While the Amendment by its terms does not bar suits against a State by its *own* citizens, the Supreme Court has consistently held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974)(internal citations omitted). An exception to this general rule does exist, however. In *Ex Parte Young*, the Supreme Court held that the Eleventh Amendment does not bar *all* claims against officers of the State, even

3

when directed to actions taken in their official capacity. 209 U.S. 123, 168 (1908). More specifically, the Supreme Court held that an action brought against a state official to enjoin the enforcement of an unconstitutional state statute is not a suit against a State barred by the Eleventh Amendment. *Treasure Salvors, Inc.*, 458 U.S. at 684 (citing *Ex Parte Young,* 209 U.S. at 123). The *Ex Parte Young* exception is thus a narrow one; suits brought against state officials to enjoin their enforcement of allegedly unconstitutional state statutes are allowed, suits against the state itself are not. *See Hill v. Kemp*, 478 F.3d 1236, 1257 (10th Cir. 2007).

In the present case, Plaintiff has not named any state official as a defendant. Instead, Plaintiff names "The State of Oklahoma, ex rel., Office of the State Fire Marshal" (Pl.'s Compl. at 1.) Plaintiff contends that "although Plaintiff named the other Defendants for violations of his civil rights, it was necessary to bring this action against Defendant State for challenge of the constitutionality of its Code as being unreasonable, overbroad, capricious, and subject to gross abuse." (Pl.'s Resp. at 4.) It is clear that Plaintiff is not suing any official of OSFM to enjoin their enforcement of the allegedly unconstitutional state statutes. Indeed, Plaintiff does not even allege that any official of OSFM ever enforced the state statutes in question. Plaintiff is simply operating under the mistaken assumption that he may not challenge the constitutionality of a state law without joining the state as a party defendant. Whatever the source of Plaintiff's belief, however, the Court is aware of no statute or precedent requiring that the state itself, or one of its instrumentalities, be a party to an action before the constitutionality of statute or regulation authorizing allegedly unlawful actions by its officers may be challenged.

More importantly, however, is the clear precedent that *does* exist. That is, the Eleventh Amendments bar against suits of this sort. Plaintiff is suing the State of Oklahoma challenging the

constitutionality of one of its statutes. Such a suit offends the well-settled doctrine of sovereign immunity. Therefore, Plaintiff may not bring suit against OSFM, an arm of the State of Oklahoma, in this Court. Accordingly, Defendant OSFM's Motion must be GRANTED.

**Conclusion**

For the reasons set forth above, Defendant OSFM's Motion is hereby GRANTED.

IT IS SO ORDERED this 17th day of October, 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma