IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

WILLIAM W. CHOATE, P.E., and )
WESLEY HOUSE IRREVOCABLE TRUST, )
)
           Plaintiffs, )
)
v. ) Case No. 07-CV-206-JHP
)
ROY EDWARD LEMMINGS, individually, )
STEVE SAXON, individually, )
BRYANT BAKER, individually, )
ANGELA DEGRASSINIDE, individually, )
THE CITY OF SEMINOLE, OKLAHOMA, )
ex rel., Office of Code Enforcement, and )
agencies and individuals yet unidentified, )
)
           Defendants. )

## CORRECTED ORDER AND OPINION

Before the Court are Defendant Bryant Baker's Motion to Dismiss and Brief in Support [Docket Nos. 70, 71]; Defendant Roy Lemming's Motion to Dismiss and Brief in Support [Docket Nos. 72, 73]; Defendant Steve Saxon's Motion to Dismiss and Brief in Support [Docket Nos. 74, 75]; and Plaintiff William Choate's Responses in Opposition to each [Docket Nos. 79, 80, 81].

## DISCUSSION

On July 15, 2005, Plaintiff, a licensed attorney and professional engineer, purchased a building previously owned by the First United Methodist Church. Prior to Plaintiff's purchase of the building, officials of the City of Seminole, Oklahoma, had issued numerous notices and posted warning signs concerning various building code violations. Those, and more recently issued, notices and warnings have been the subject of an ongoing dispute between Plaintiff and the City of

1

Seminole since Plaintiff first purchased the building in 2005, spawning at least one state case currently on appeal before the Oklahoma Supreme Court.

On January 7, 2007, a fire destroyed significant portions of the building's exterior walls. The Seminole Fire Department, including Fire Chief Roy Lemmings and Assistant Fire Chief Bryant Baker, were called to the scene of the fire and contained the blaze. Claiming that the remaining portions of the building posed a threat to public safety, Lemmings hired contractor Troy Doner to raze the building. The remainder of the building was razed by Doner on January 8, 2007. In the time since, Seminole City Manager Steve Saxon has been involved with other city officials in attempting to classify the remains of the building as a public nuisance in need of abatement.

On July 3, 2007, Plaintiff instituted the present action in this Court, asserting claims against the various individuals and governmental entities involved in responding to the fire and the demolition of the building. In particular, Plaintiff has asserted claims under 42 U.S.C. §§ 1983, 1985, 1995, and 18 U.S.C. §§ 241, 247 against Defendants Baker, Lemmings, and Saxon.

Defendants Baker, Lemmings, and Saxon filed their respective Motions to Dismiss on October 1, 2007, each alleging similar grounds for dismissal. The Defendants ask the Court to dismiss the respective claims against them because: (1) Plaintiff may not state a claim under 42 U.S.C. § 1995, 18 U.S.C. §§ 241, 247; (2) they are entitled to qualified immunity against the 42 U.S.C. §§ 1983, 1985 claims; and (3) Plaintiff has failed to join an indispensable party. Because the Court previously ordered the joinder of the Wesley House Irrevocable Trust [Docket No. 85], the Court addresses only the first two grounds for dismissal raised by the motions.

## **DISCUSSION**

The court applies the standards of Rule 12(b)(6) to determine if Plaintiff's allegations are

sufficient to state a claim upon which relief can be granted. Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Under the liberal pleading rules set out by the Supreme Court in *Conley v. Gibson*, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

**A. The 42 U.S.C. § 1995, 18 U.S.C. §§ 241, 247 Claims**

42 U.S.C. § 1995 governs criminal contempt proceedings. It creates no private cause of action and it is in no way applicable to the present case. Seemingly recognizing this fact, Plaintiff, in responding to the Motions to Dismiss, makes no attempt to defend the inclusion of that cause of action in his complaint. Accordingly, the Court finds that Plaintiff has failed to state a claim under § 1995 and dismisses the claims brought pursuant to that section.

18 U.S.C. § 241 is a statute criminalizing conspiracy against rights. 18 U.S.C. § 247 is a statute criminalizing damage to religious property and obstruction of persons in the free exercise of religious beliefs. Neither statute creates a private cause of action. Sections 241 and 247 are only enforceable through the appropriate executive arm of the United States government. Plaintiff once again makes no attempt to defend the inclusion of these causes of action in his complaint. Accordingly, the Court finds that Plaintiff has failed to state a claim under §§ 241 and 247 and dismisses the claims brought pursuant to those sections.

3

**B. Qualified Immunity Against the 42 U.S.C. §§ 1983, 1985 Claims**

The doctrine of qualified immunity shields government officials from individual liability when they are performing discretionary functions that do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is an affirmative defense that "protects all but the plainly incompetent or those who knowingly violate the law." *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (internal quotation marks omitted). Qualified immunity provides "immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The doctrine is designed to "preven[t] undue interference with public affairs by cutting short baseless litigation against government actors." *Mecham v. Frazier*, 500 F.3d 1200, 1203 (10th Cir. 2007).

In the present case, Baker, Lemmings, and Saxon each claim that they are entitled to qualified immunity against the §§ 1983, 1985 claims brought by Plaintiff. The underlying constitutional claim asserted by Plaintiff as the basis for his §§ 1983, 1985 claims is an alleged deprivation of his right to "use his property under the United States Constitution and its laws, without due process[.]" (Compl. ¶ 29 at 5.) Baker, Lemmings, and Saxon claim they were each exercising discretionary authority when this alleged deprivation took place and deny that any of Plaintiff's clearly established constitutional rights were violated.

The Court is satisfied that Baker, Lemmings, and Saxon were each exercising discretionary authority when they acted with respect to Plaintiff's church building. Lemmings and Baker, as Fire Chief and Assistant Fire Chief, exercised discretion in determining that the church building posed a danger to the public and in hiring Troy Doner to raze the building. *See Waldron v. Rotzler,* 862 F. Supp. 763 (N.D.N.Y. 1994). Saxon exercised discretion in making the determination that the

4

building was a public nuisance that needed to be abated. *Id.* The question, therefore, is whether any of the three violated any of Plaintiff's clearly established constitutional rights, when measured by the *Harlow* reasonable person standard mentioned herein.

Plaintiff alleges that Baker, Lemmings, and Saxon deprived him of his property without due process. The Supreme Court has stated that "due process ordinarily requires an opportunity for 'some kind of hearing' prior to the deprivation of a significant property interest." *Hodel v. Virginia Surface Mining and Recl. Ass'n.*, 452 U.S. 264, 299 (1981); *Miller v. Campbell County*, 945 F.2d 348, 353 (10th Cir. 1991). However, where the state is confronted with an emergency, it may deprive an individual of his or her property without first providing a hearing. *Id.* at 299-300. It is clear that there is no due process right to a hearing prior to *all* deprivations of property interests. However, that appears to be the right that Plaintiff is asserting. Based upon the clear Supreme Court precedent set forth above, it is apparent that no such broad constitutional right exists. Because clear precedent exists allowing the deprivation of property interests without a hearing in emergency situations, it is impossible to say that Baker, Lemmings, and Saxon were objectively unreasonable in believing that their actions were not in violation of any clearly established constitutional rights.

This conclusion is supported by the decision reached by the district court in *Waldron v. Rotzler,* 862 F. Supp. 763 (N.D.N.Y. 1994), a case with facts nearly identical to those in this case. In *Waldron*, a building adjacent to a public street had been gutted by fire. *Id.* at 766. City officials determined that the remains of the building posed a danger to the public because of debris falling off the building into the street *Id.* The city had an ordinance allowing for the demolition of buildings in instances where a danger was posed to the public safety. *Id.* at 767. Acting pursuant to that ordinance, the city demolished the building without giving the owner of the building notice and an

5

opportunity to be heard. *Id.* The building owner brought suit against city officials under 42 U.S.C. §§ 1981, 1982, 1983. *Id.* The city defendants filed a motion to dismissing raising the defense of qualified immunity. *Id.* The district court dismissed the building owner's claims finding that it was objectively reasonable for the city officials to believe their actions fit the emergency exception to the pre-deprivation hearing rule, and thus the defendants were entitled to qualified immunity. *Id.* at 772.

This Court finds the rationale of the *Waldron* court applicable to the case at hand. As the Supreme Court noted in *Harlow,* "where an official's duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken with independence and without fear of consequences." *Harlow v. Fitzgerald,* 457 U.S. 800, 819 (1982) (internal citations omitted). Therefore, the Court finds that Baker, Lemmings, and Saxon are entitled to qualified immunity against the §§ 1983, 1985 claims brought by Plaintiff.

## **CONCLUSION**

For the reasons set forth herein, Defendants Baker, Lemmings, and Saxon's Motions to Dismiss are each GRANTED.

IT IS SO ORDERED this 8th day of November 2007.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma