IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM W. CHOATE, P.E., and <br> WESLEY HOUSE IRREVOCABLE TRUST, <br><br> Plaintiff, <br><br> v. <br><br> ANGELA DEGRAFFENREID, individually, <br> THE CITY OF SEMINOLE, OKLAHOMA, <br> ex rel., Office of Code Enforcement. <br><br> Defendants. | Case No. 07-CV-206-JHP |

## ORDER AND OPINION

Before the Court are Defendant Office of Code Enforcement's Motion for Sanctions [Docket No. 119, 120], and Plaintiff Choate's Response in Opposition [Docket No. 124, 125].

## BACKGROUND

The instant civil action was initiated with Choate's July 3, 2007, filing of a complaint alleging a variety of claims against individuals and entities allegedly involved in the destruction of a building owned by Choate [Docket No. 2]. Among the claims included in that complaint were claims against Roy Lemmings, Steve Saxon, and Bryant Baker for violations of 18 U.S.C. §§ 241 and 247. The Court dismissed those claims on November 7, 2007, explaining:

> 18 U.S.C. § 241 is a statute criminalizing conspiracy against rights. 18 U.S.C. § 247 is a statute criminalizing damage to religious property and obstruction of persons in the free exercise of religious beliefs. Neither statute creates a private cause of action. Sections 241 and 247 are only enforceable through the appropriate executive arm of the United States government.

[Docket No. 93 at 3].

1

Among the defendants not yet dismissed from the case is the city of Seminole's Office of Code Enforcement ("OCE"). Choate claims OCE enforced Okla. Stat. tit. 50, §16 against him in an unconstitutional manner. On December 26, 2007, OCE filed the instant motion asking the Court to sanction Choate pursuant to Fed. R. Civ. P. 11. OCE alleges Choate's claims against OCE are: 1) made for an improper purpose in violation of Rule 11(b)(1), and 2) frivolous and lacking evidentiary support in violation of Rule 11(b)(2).

## **DISCUSSION**

Rule 11(b)(1) forbids an attorney[1] from filing a lawsuit for an improper purpose:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]

Fed. R. Civ. P. 11(b)(1).

While the Court believes Choate's claims against OCE lack merit, the record before the Court does not support the conclusion that his claims are brought solely to "harass" OCE. The Court believes—no matter how misplaced those beliefs may be— that Choate sincerely believes in the merits of his case. The Court, therefore, cannot find that Choate has committed a sanctionable offense by bringing a 42 U.S.C. § 1983 claim against OCE.

Rule 11(b)(2) forbids an attorney from bringing frivolous claims:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed

---

[1] The Court recognizes that Choate is a *pro se* litigant, but also notes that he is an experienced, licensed attorney.

after an inquiry reasonable under the circumstances: ...(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(2).

OCE argues that Choate's inclusion of 18 U.S.C. §§ 241 and 247 claims in his complaint violates this provision of Rule 11. The Court, however, has already dismissed those claims—and the parties against whom those claims were alleged—from the case. OCE's request for sanction is based upon its belief that Choate alleges §§ 241 and 247 claims against OCE even after the Court has clearly communicated to Choate that there exists no basis for such claims. The Court, however, has carefully examined Choate's complaint and finds it alleges no such claims against OCE. The 18 U.S.C. §§ 241 and 247 claims were only directed at Roy Lemmings, Steve Saxon, and Bryant Baker—all previously dismissed as defendants.

While the Court would agree that Choate's assertion of those claims against those previously dismissed defendants was ill-advised, those claims have been dismissed and Choate has been made aware of the law as it applies to those claims. Because Choate does not allege 18 U.S.C. §§ 241 and 247 claims against OCE, the Court cannot conclude that he should be sanctioned for "continuing" to press those claims.

## CONCLUSION

For the reasons set forth herein, OCE's Motion for Sanctions in DENIED.

IT IS SO ORDERED this 14th day of January, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma

3