IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM W. CHOATE, P.E., and<br>WESLEY HOUSE IRREVOCABLE TRUST,<br><br>    Plaintiff,<br><br>v.<br><br>ANGELA DEGRAFFENREID, individually,<br>THE CITY OF SEMINOLE, OKLAHOMA,<br>ex rel., Office of Code Enforcement.<br><br>    Defendants. | Case No. 07-CV-206-JHP |

## ORDER AND OPINION

Before the Court are Defendant DeGraffenreid's Motion to Dismiss [Docket No. 117] and Plaintiff Choate's Response in Opposition [Docket No. 122].

## BACKGROUND

Angela DeGraffenreid works for Oklahoma Gas and Electric Company as a "New Construction Coordinator." As part of her job, she is responsible for the oversight of new commercial electrical meter installation and service procurement for a region of Oklahoma that includes the city of Seminole. Choate requested that OG&E provide electrical service to a former church building he had purchased in Seminole. Choate's point of contact with OG&E was DeGraffenreid. DeGraffenreid informed Choate that OG&E requires the submission of a certificate of inspection before it will install any new commercial electrical service. OG&E requires a certificate of inspection because Seminole Ordinance Section No. 5-504 makes it unlawful for OG&E to provide electrical service without such a certificate. Choate was unable to provide a

1

certificate of inspection, therefore, OG&E refused to provide his building with electrical service.

Choate has now filed suit against DeGraffenreid pursuant to 42 U.S.C. § 1983 claiming that she deprived him of constitutional rights while acting under the color of state law. Choate seeks $10,000,000 in actual damages from DeGraffenreid, while also seeking punitive damages "in the highest amount allowed by law." (Compl. ¶¶ 36-37.)

DeGraffenreid filed the instant Motion to Dismiss on November 21, 2007, seeking dismissal of the § 1983 on two grounds: 1) for failure to assert the deprivation of a constitutionality protected right, and 2) failure to allege any state action on the part of DeGraffenreid. The Court addresses the second contention first.

## DISCUSSION

The court applies the standards of Rule 12(b)(6) to determine if Plaintiff's allegation that DeGraffenreid acted under color of state law is sufficient to state a claim upon which relief can be granted. *See E.F. W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1305 (10th Cir. 2001) (reviewing "color of state law" allegation under Rule 12(b)(6)). Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. In undertaking a Rule 12(b)(6) analysis, the Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991).

42 U.S.C. § 1983 gives private citizens a remedy for deprivation of federally secured rights. The Supreme Court has described §1983's purpose as being "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To recover under

2

§ 1983, a plaintiff must generally show that the alleged deprivation was committed by a person acting under the color of state law. *E.F.W.*, 264 F.3d at 1305. A defendant acts under the color of state law when he "exercise[s] power possessed by virtue of state law, and made possible only because the wrongdoer is clothed with the authority of state law." *Id*. (internal citations omitted). In the present case, the Court must accept the well-pleaded allegations in the complaint as true, construe them most favorably to the Plaintiff, and determine whether Plaintiff can prove any set of facts establishing that DeGraffenreid acted under color of state law. *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1305 (10th Cir. 2001).

After examining Choate's complaint, it is clear that he utterly fails to allege state action on the part of DeGraffenreid. Choate has alleged no facts showing that any state or local entity "exercised coercive power or...provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Choate's contention is that because OG&E's refusal to provide him with service was motivated by unwillingness on OG&E's part to break the law, OG&E's refusal to provide him with service amounts to state action. Under Choate's theory of the law, any person choosing to comply with the law—rather that break it—is a state actor for the purposes of § 1983 liability. That is simply not the case.

Having failed to establish that DeGraffenreid was a state actor when she—acting on behalf of OG&E—denied him electrical service, Choate has failed to allege a § 1983 claim against DeGraffenreid. That being Choate's only claim against her, DeGraffenreid is dismissed from the case. The Court does not reach the question of whether DeGraffenreid's actions deprived Choate of a constitutionally protected right.

3

## **CONCLUSION**

For the reasons set forth above, DeGraffenreid's motion is GRANTED.

IT IS SO ORDERED this 14th day of January, 2008.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma