IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

WILLIAM W. CHOATE, P.E., and )
WESLEY HOUSE IRREVOCABLE TRUST, )
)
Plaintiff, )
)
v. ) Case No. 07-CV-206-JHP
)
)
THE CITY OF SEMINOLE, OKLAHOMA, )
ex rel., Office of Code Enforcement. )
)
Defendants. )

## ORDER AND OPINION

Before the Court are Defendant Office of Code Enforcement's ("OCE") Motion to Dismiss

and Brief [Docket Nos. 116, 104] and Plaintiff Choate's Response in Opposition [Docket No. 121].

## BACKGROUND

On July 15, 2005, Choate, a licensed attorney and professional engineer, purchased a

building previously owned by the First United Methodist Church. Prior to Choate's purchase of the

building, officials of the City of Seminole, Oklahoma, had issued numerous notices and posted

warning signs concerning various building code violations. Those, and more recently issued, notices

and warnings have been the subject of an ongoing dispute between Choate and the City of Seminole

since Choate first purchased the building in 2005, spawning at least one state case currently on

appeal before the Oklahoma Supreme Court.

On January 7, 2007, a fire destroyed significant portions of the building's exterior walls. The

Seminole Fire Department, including Fire Chief Roy Lemmings and Assistant Fire Chief Bryant

Baker, were called to the scene of the fire and contained the blaze. Claiming that the remaining portions of the building posed a threat to public safety, Lemmings hired contractor Troy Doner to raze the building. The remainder of the building was razed by Doner on January 8, 2007. In the time since, Seminole City Manager Steve Saxon has been involved with other city officials in attempting to classify the remains of the building as a public nuisance in need of abatement.

On July 3, 2007, Choate instituted the present action in this Court, asserting claims against the various individuals and governmental entities involved in responding to the fire and the demolition of the building. In particular, Choate has claimed that OCE enforced Okla. Stat. tit. 50, §16 against him in an unconstitutional manner. Although Choate's complaint is vague at best, he presumably brings a 42 U.S.C. § 1983 claim against OCE.

OCE filed the instant motion to dismiss on November 21, 2007. OCE seeks dismissal of Choate's claim arguing Choate: "(1) has not stated a valid *Monell* claim; (2) has not stated a valid procedural due process claim; (3) has not asserted a valid equal protection claim; but (4) has made assertions to this Court, and his Complaint indicates, that he has made only a claim for injunctive relief against the City of Seminole." (OCE's Mot. at 2.) After examining Choate's complaint, the Court is convinced that it attempts to alleges, at best, a § 1983 claim against OCE:

> COUNT IV AGAINST THE CITY OF SEMINOLE, OKLAHOMA EX REL. OFFICE OF CODE ENFORCEMENT.
>
> 39. In representing their authority to be under color of law, notwithstanding the appearance of impropriety and bad faith in using their authority to dispose of remaining evidence of their wrong doing and also being necessary for the computation of the replacement valuation of the building they caused to be destroyed, Defendants Lemmings and Saxon abuses in an unreasonable, overbroad, capricious, and abusive manner the intent, purposes, and limitations of Section 16, Title 50 of the Oklahoma Statutes, as demonstrated by the foregoing facts.
>
> 40. WHEREFORE, premises considered, Plaintiff prays the Court for

Judgment against the City of Seminole ex rel. Office of Code Enforcement by determination that the said Section 16 is being enforced in an unconstitutional manner and therefore, in addition to the protection of the Constitution of Oklahoma, Article 2, Section 24, said Defendant City should be enjoined from entering onto Plaintiff's property and removing the remains of its wrongdoing and for preservation of such evidence and personal property.

(Compl. ¶¶ 39-40.) Because the constitutional violations alleged by Choate are raised via his § 1983, claim, the Court first addresses OCE's argument that *Monell* mandates the dismissal of Choate's § 1983 claim.[1]

## DISCUSSION

OCE argues that it should not be liable under § 1983 because there was no municipal policy or custom depriving Choate of his constitutional rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). OCE correctly notes that § 1983 liability for an entity cannot be predicated on a theory of *respondeat superior. See City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Instead, Choate must show a direct causal link between the acts of the entity and the alleged constitutional deprivation. *Ware v. Unified Sch. Dist. No. 492*, 881 F.2d 906, 912-13 (10th Cir.1989). In order to establish that causal link, Choate must show "that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1229 (10th Cir.2001) (internal quotation marks omitted).

An examination of Choate's complaint reveals Choate has failed to make any allegations linking the actions of OCE to the constitutional deprivations he alleges. It appears from his complaint, and response to OCE's motion, that Choate's allegations are aimed towards the actions

---

[1]If the Court determines that Choate has not alleged a valid § 1983 claim, the Court need not examine the validity of Choate's underlying constitutional claims.

of individual OCE employees and not towards any action taken by OCE as a municipal entity. Even were the Court to read Choate's complaint as alleging the individual OCE employees were acting pursuant to an official OCE policy, or that these employees had "final policy making authority with respect to the challenged action":

> The touchstone for determining official policy is distinguish[ing] acts of the municipality from acts of employees of the municipality, and thereby mak[ing] clear that municipal liability is limited to action for which the municipality is actually responsible.... [M]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

*Melton v. City of Oklahoma City*, 879 F.2d 706, 723 (10th Cir.1989)(internal quotations omitted). Here, Choate's complaint is devoid of any allegation that the individual OCE employees either acted pursuant to an official OCE policy, or that they had final policymaking authority and acted pursuant to that authority. In the absence of any such allegation, Choate has no § 1983 claim against OCE.

Therefore, Choate's § 1983 claim against OCE is dismissed. That being the claim upon which Choate's request for injunctive relief is predicated, the Court does not address OCE's fourth alleged grounds for dismissal.

## CONCLUSION

For the reasons set forth above, OCE's motion is GRANTED.

IT IS SO ORDERED this 14th day of January, 2008.

James H. Payne
United States District Judge
Eastern District of Oklahoma