IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILLIAM W. CHOATE, P.E., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 07-CV-206-JHP |
| ROY EDWARD LEMMINGS, individually, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court are Plaintiff William Choate's Amended Motion to Reconsider and for Hearing [Docket Nos. 194 & 195] and Defendant Roy Edward Lemmings' Response in Opposition [Docket No. 196].

In his motion, Plaintiff asks the Court to reconsider its Order entered on August 10, 2009, granting summary judgement in favor of Defendant. Because Choate's "Motion to Reconsider" was filed within ten days of the entry of judgment in this case, the Court considers it a motion to alter or amend judgment pursuant Federal Rule of Civil Procedure 59(e). *See Maul v. Logan Cty. Bd. of Cty. Comm's*, 2006 WL 3447629, *1 (W.D. Okla. Nov. 29, 2006). The limited grounds warranting a Rule 59(e) motion includes "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servant of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.*v. *Sampson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Accordingly, when the court has "misapprehended the facts, a party's position, or the controlling law" a motion to reconsider is appropriate. *Id.* It is not appropriate for parties to "revisit issues already

1

addressed or advance arguments that could have been raised in prior briefing" in Rule 59(e) motions. *Maul*, 2006 WL 3447629, *1.

Choate does not raise any grounds that on which the Court could grant a motion to reconsider. First, Choate does not cite to any change in the controlling law or any new evidence. In his motion, Choate argues that the Court's judgment is not a final order, but this argument is unfounded and frivolous. Also, Choate's motion appears to attempt to reargue the issue of whether safety concerns required his building to be immediately razed without a hearing. This argument was squarely addressed by the Court in its summary judgment Order, and thus not a proper ground for a motion to reconsider. Finally, the rest of Choate's motion contains references and arguments that are irrelevant to any issue in the case. As a result, Choate's Amended Motion to Reconsider and for Hearing is hereby DENIED.

IT IS SO ORDERED this 18th day of September, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma